UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROGER QUINN, | Case No. 1:20-cv-00291-DCN |
| Plaintiff, | MEMORANDUM DECISION AND ORDER |
| v. | |
| JOANNE KIBODEAUX, | |
| Defendant. | |

## I. INTRODUCTION

Pending before the Court is Plaintiff Roger Quinn's Complaint (Dkt. 2) and Application for Leave to Proceed in District Court without prepaying fees or costs (Dkt. 1.) Pursuant to 28 U.S.C. §1915, the Court must review Quinn's request to determine whether he is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, No. 1:13-CV-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013).[1] Because he is filing to proceed in forma pauperis, the Court must also undertake an initial review of Quinn's Complaint to ensure it meets the minimum required standards.

For the reasons explained below, the Court GRANTS Quinn's application to proceed in forma pauperis and will allow him to pay the filing fee over time. Further, the

---

[1] Also pending before the Court is Quinn's "Motion for Quick Review" (Dkt. 4), and "Motion for Stay of Proceedings in State Court" (Dkt. 8).

Court finds Quinn's Complaint legally insufficient to survive initial review and must DISMISS the same at this time.

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a plaintiff must submit an affidavit that includes a statement of all assets she possesses and indicates that he is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents "with necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks and citation omitted).

The Court has examined Quinn's application to proceed without prepaying fees or costs and finds it does not conclusively establish his indigence. Quinn's prayer for relief stated that a failure to hear this complaint will force him down a "lengthy and expensive process, whereas he [Quinn] is afforded a just, speedy, and inexpensive determination process." Dkt. 2, at 22. This concern aside, Quinn's Application to Proceed In Forma Pauperis (Dkt. 1) is scant on details leaving the Court to piecemeal Quinn's financial situation together from his limited questionnaire answers in Dkt. 1. Quinn appears to have an income of roughly $800.00 per month—derived entirely from supplemental social

security payments. Dkt. 1, at 1. Additionally, while Quinn asserts that his expenditures are only $450.00 per month (thus indicating a surplus of income), he also states that he has significant debts owing to credit card companies and in relation to the litigation/custody dispute at issue in this case. Dkt. 2, at 2. While Quinn does not appear to have a lot of discretionary income, he has not sufficiently proven his indigence under 28 U.S.C. § 1915 and may not proceed without the payment of the requisite filing fees. That said, the Court will allow Quinn the opportunity to pay the fee over time to reduce the financial burden. Quinn will be required to pay the fee in $100 monthly installments.

 As will be explained in the next section, however, the Court must also dismiss this case due to Quinn's inadequate allegations. Quinn will have the right to file an amended complaint. The Court next turns to its initial review of Quinn's Complaint.

### III. SUFFICIENCY OF COMPLAINT

The Court is required to screen complaints that are brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i–iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443,447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of

articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

This Court is a Court of limited jurisdiction and as such, can only hear cases and controversies that involve a federal question (28 U.S.C. § 1331) or satisfy federal diversity jurisdiction requirements (28 U.S.C. § 1332). The Court will have original jurisdiction "of all civil action arising under the Constitution, laws, or treaties of the United States." *Id*. Additionally, the Court will have supplemental jurisdiction "…over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367.

Quinn crafts a narrative of a loving, dutiful father. He alludes to his quintessential role in his daughter's life. He correlates his role as a home maker and the real "mother" in the relationship and contrasts the biological mother as absent and unfaithful to him and his daughter. The Court does not affirm or deny any of these accusations. But the facts alleged only show Quinn as a loving father and not why the Court should allow this case to proceed in federal court.

At face value, Quinn's complaint contains issues all arising from alleged violations of 42 U.S.C. § 1983—a federal statute—which sets forth civil liability for anyone who— acting under the color of state of federal law—deprives a person of their constitutional rights. While certain persons will be liable for their actions under § 1983, the statute makes clear there is an exception: "except that in any action brought against a judicial officer for

an act or omission taken in such officer's judicial capacity, *injunctive relief shall not be granted* unless a declaratory decree was violated or declaratory relief was unavailable." (Emphasis added). Judges have long been accorded absolute immunity from actions for damages for their judicial acts. *See Wyatt v. Cole*, 112 S. Ct. 1827 (1992). The common law recognizes several absolute immunities from suit under § 1983. Among these, State court judges have absolute immunity from suit for damages arising from their judicial acts unless they act in a complete absence of jurisdiction. *See Mireles v. Waco*, 112 S. Ct. 286 (1991).

Here, Quinn alleges Joanne Kibodeaux, an Ada County Magistrate Judge, violated his rights under 42 U.S.C. § 1983 and caused him injury because of her biased ruling in a state court custody dispute. Dkt. 2, at 2. In short, Quinn asserts he is fighting for custody of his minor daughter—"JA"—that JA's mother is not a suitable parent, and that Judge Kibodeaux has violated his rights in various hearings and through various rulings.

For example, Quinn states he was discriminated against based on his gender. Dkt. 2, at 4. He contends that Judge Kibodeaux did not follow the precedent of giving the devoted parent more claim over the uninvolved, neglectful parent. Quinn notes that the devoted parent is usually the female, and the neglectful parent is typically the male. He states that the traditional male in these situations is the one who abandons the family to be with a lover. Because of this, the male receives little custody. The ruling usually requires the male to bare much of the burden in child support. *Id.* This ruling imbalance is to specially deter the male from evading responsibility and to generally deter the neglectful behavior. Quinn asserts, however, that this assumption—that the male is always more

culpable—prejudices him because that is not what happened in his case. Quinn explains at length his position that he, not JA's mother, is the more attentive parent and the one better suited to care for her. Quinn alleges that had gender not been a factor, he would have had the same precedential judgment as a traditional mother but was not afforded that opportunity due to gender bias of the male stigma in these situations. Dkt. 2, at 7. He concludes that Judge Kibodeaux's stigma of favoring women over men instead of favoring the devoted parent over the undevoted parent in these situations, is bad policy that adversely impacted Quinn. The Court takes no position on this topic or Quinn's representations of what occurred in state court, but even taking his allegations at face value, there is no *evidence* in the record that Judge Kibodeaux acted in *complete* absence of jurisdiction in any of her decisions.

Since the filing of his Complaint, Quinn has filed numerous motions, supplements, and emergency filings.[2] Dkts. 4, 5, 6, 7, 8, 9, 10, 11, 12. The Court has reviewed each filing and, while it will not discuss each at length, it wishes to highlight a few general topics.

First, the Court appreciates Quinn's zeal and hard work in this case. That said, the filing of additional documents each day does little to speed the process. The District of Idaho deals with cases and motions in as timely a manner as possible, but because of limited judicial resources, it sometimes may take longer than an individual would desire. And while there are avenues a party could utilize to receive expedited or emergency relief, the

---

[2] On July 22, 2020, Quinn filed an Emergency Filing with the Court. He filed an additional Emergency Filing on July 23, 2020, along with a Supplemental Filing. Finally, Quinn filed a third request on July 24, 2020. Each request notifies the Court of the potential life threatening and severe dangers involving physical, emotional, and psychological abuse of a child and the risk of the mother fleeing the jurisdiction.

motions Quinn has filed are not the type that warrant such expediency—nor does it appear any such motions would apply in this case.

Second, the relief Quinn continues to request—ranging from "staying" the state court proceedings (Dkt. 8), issuing an injunction (Dkts. 9, 11), to appealing to the Ninth Circuit (Dkt. 12)—does not appear to be available in this case. As explained above, § 1983 does not provide for injunctive relief against judicial officers except in very limited circumstances; none of which have been alleged here.

Finally, and relatedly, it is a Plaintiffs' burden to establish jurisdiction in federal court. Quinn has failed to do that here. Family law matters are state law matters and only in extremely rarely circumstances would a federal court have jurisdiction. See e.g., Foster v. Meriter Hosp., No. 07-C-464-C, 2007 WL 5582711, at *1 (W.D. Wis. Sept. 26, 2007) ("the family law exception to federal jurisdiction applies even when a party is alleging a violation of federal law. Courts may not resolve child custody dispute questions regardless of the reason a party believes a custody decision is invalid, even if there is an allegation of a constitutional violation."). In other words, even if the allegations Quinn levies against Judge Kibodeaux were true—and the Court is not saying they are—he still would not be able to bring suit in federal court.

## IV. CONCLUSION

While Quinn does not have excessive discretionary income, he does have sufficient funds to pay the required filing fee over time for a federal lawsuit. Additionally, the Court finds that Quinn has not sufficiently established that this Court has jurisdiction over the claims he wishes to bring. In like manner, the Court determines that Quinn has not

supported his claims with pertinent facts and that his claims are almost certainly barred due to the fact that Judge Kibodeaux enjoys qualified immunity from suit. In sum, Quinn may not proceed without amending his Complaint, if he so chooses.

## V. ORDER

1. Quinn's Application for Leave to Proceed in District Court without prepaying fees or costs (Dkt. 1) is GRANTED. Quinn need not prepay the fee in *full*; however, he must pay $100.00 per month to the Clerk of Court, on or before the last day of each month, until the filing fee is paid in full. Failure, at any time, to comply with this payment schedule will result in dismissal of this case without further notice. Quinn's first payment shall be due on or before August 31, 2020.

2. Quinn's Complaint (Dkt. 2) is DISMISSED WITHOUT PREJUDICE. Quinn's Complaint is deficient as he has not provided any supporting facts to his claims or established this Court's jurisdiction in the matter. The Court grants Quinn leave to file an Amended Complaint in substantial compliance with the Court's analysis above. Quinn must file his Amended Complaint within thirty (30) days of the issuance of this Order.

3. Failure to file an Amended Complaint within the ordered timeframe will result in the full dismissal of this case WITH PREJUDICE and without further notice.

4.    Quinn's Motion for Quick Review (Dkt. 4) is GRANTED insofar as the
Court has now reviewed his filings.

5.    Quinn's Motion to Stay Proceedings in state court (Dkt. 8) is DENIED.

DATED: July 29, 2020

David C. Nye
Chief U.S. District Court Judge