UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROGER QUINN,<br><br>    Plaintiff,<br><br>    v.<br><br>JOANNE KIBODEAUX,<br><br>    Defendant. | Case No. 1:20-cv-00291-DCN<br><br>MEMORANDUM DECISION AND ORDER |

## I. INTRODUCTION

Pending before the Court is Plaintiff Roger Quinn's Amended Complaint (Dkt. 17) and Motion for Expedited Review (Dkt. 19). Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Upon review, and for the reasons set forth below, the Court finds Quinn has failed to remedy the Court's prior concerns and DISMISSES this case WITH PREJUDICE.

## II. BACKGROUND

On June 12, 2020, Quinn filed his Complaint (Dkt. 2) and Application to Proceed in Forma Pauperis (Dkt. 1). Quinn subsequently filed other motions, notices, and supplements as well. *See* Dkts. 4, 5, 6, 7, 8, 9, 10, 11, 12.

Broadly speaking, Quinn alleges in his Complaint that Joanne Kibodeaux, a sitting Ada County Magistrate Judge, violated his rights under 42 U.S.C. § 1983 and caused him injury because of her biased rulings in state court custody proceedings. Dkt. 2, at 2. Quinn asserts he is fighting for custody of his minor daughter—"JA"—that JA's mother is not a suitable parent, and that Judge Kibodeaux violated his constitutional rights in various hearings and through several rulings during the underlying case.

On or about July 27, 2020—having not heard anything from the Court—Quinn filed an Emergency Writ of Mandamus with the Ninth Circuit Court of Appeals. Dkts. 13, 14. In his emergency application, Quinn asked the Ninth Circuit to stay his Idaho state court proceedings and "order" this Court to perform its duty and review his emergency petitions within 24 hours. Dkt. 14, at 1, 8.

On July 28, 2020, the Ninth Circuit issued an order denying Quinn's petition. Dkt. 15. The Ninth Circuit found it lacked jurisdiction to issue a writ of mandamus to the Idaho state court and further, that its intervention in these matters—"by means of the extraordinary remedy of mandamus"—was unnecessary. *Id.* at 1.

On July 29, 2020, the Court issued its Memorandum Decision and Order addressing Quinn's Application to Proceed in Forma Pauperis and Complaint. Dkt. 16. The Court granted Quinn's request to proceed in forma pauperis and allowed him to pay the filing fee over time. However, the Court also found that Quinn's Complaint was subject to dismissal based upon jurisdictional concerns. The Court first noted that Judge Kibodeaux was a sitting Judge and likely immune from suit. *Id*. at 4-5. More importantly, the Court explained

that the substantive nature of Quinn's case was not appropriate for federal Court. *Id*. at 7.

As the Court explained:

> Family law matters are state law matters and only in extremely rare circumstances would a federal court have jurisdiction. *See e.g., Foster v. Meriter Hosp*., No. 07-C-464-C, 2007 WL 5582711, at *1 (W.D. Wis. Sept. 26, 2007) ("[T]he family law exception to federal jurisdiction applies even when a party is alleging a violation of federal law. Courts may not resolve child custody dispute questions regardless of the reason a party believes a custody decision is invalid, even if there is an allegation of a constitutional violation.").

*Id*. Ultimately, the Court gave Quinn 30 days to remedy the Courts two concerns: Judge Kibodeaux's immunity, and its inherent lack of jurisdiction in family law matters.

On August 28, 2020, Quinn dutifully filed an Amended Complaint (Dkt. 17), and shortly thereafter, a Motion for Expedited Review (Dkt. 19).

### III. ANALYSIS

Quinn begins by observing that the Court's concerns regarding "judicial immunity and [the] family matter exception are convenient 'cop out's' . . . against inadequately armed Pro se litigants" such as himself. Dkt. 17, at 3. The Court understands Quinn's frustrations. The legal system is complex and endeavoring to navigate it pro se is an undertaking. That said, the Court's concerns were not a façade or "cop-outs" but go to the heart of Quinn's claims. Plaintiffs cannot sue parties who are immune from suit without establishing some type of exception and the Court cannot adjudicate cases over which it does not have jurisdiction. Here, Quinn has failed to remedy the Court's concerns regarding Judge Kibodeaux and jurisdiction.

While Quinn spends the bulk of his 30-page Amended Complaint reviewing vast swaths of caselaw—specifically family law matters—and has almost 150 legal citations to case law (spanning from the early 1800's to the present day), the Court must distill those arguments down to relevant principles as applied to the facts of this particular case.

Quinn baldly asserts that Judge Kibodeaux acted in "*complete* absence of [] jurisdiction" and violated his rights. Dkt. 17, at 3. Quinn argues that Judge Kibodeaux mis-construed evidence that he presented in the underlying child custody proceedings and/or wholly failed to take into consideration other evidence in support of his position. Further, it appears that Judge Kibodeaux has—since the time of the initial custody case— disqualified herself from proceedings involving Quinn. Quinn believes this is tantamount to an admission by Judge Kibodeaux that she knowingly violated the law; otherwise, why disqualify herself?

Addressing the later argument first, the Court notes that there are numerous reasons why a Judge might recuse herself from a case. Quinn's mere supposition that Judge Kibodeaux's recusal is nefarious—or is an acknowledgement of error—is not only extremely unlikely, but is not supported by any evidence, merely Quinn's opinion. The Court dismisses this argument.

The Court previously noted that "State court judges have absolute immunity from suit for damages arising from their judicial acts unless they act in a complete absence of jurisdiction. *See Mireles v. Waco*, 112 S. Ct. 286 (1991)." Dkt. 16, at 5. In his Amended Complaint, Quinn asserts that Judge Kibodeaux acted outside of her jurisdiction by

repeatedly violating his constitutional and civil rights, committing fraud on the court, and other legal violations. *See generally*, Dkt. 17, at 9.

The Court has reviewed Quinn's filings and while it is clear he is dissatisfied with Judge Kibodeaux's rulings, there is nothing to indicate she acted in complete absence of her jurisdiction. A judge who simply hands down rulings that one party disagrees with is not acting in absence of her authority. Quinn's myriad citations to caselaw do not contradict such a conclusion. The bottom line is this: adverse or unfavorably rulings do not give rise to claims of judicial misconduct. Quinn's disagreements with Judge Kibodeaux's factual findings or judicial rulings are not subject to review by this Court.

This brings the Court to its second concern: jurisdiction.

Quinn spends a great deal of time taking about jurisdiction when it comes to federal causes of action, constitutional depravations, and parental rights. Because Quinn couched this as a 42 U.S.C. § 1983 case (*see* Dkt. 2, at 3), alleging that Judge Kibodeaux deprived him of his rights, he asserts this court has jurisdiction. To be sure, a federal court has jurisdiction over cases arising out of allegations that a person violated § 1983, however, the Court must still look at the underlying facts and allegations to ensure jurisdiction is proper.

Here, the facts all relate to Quinn's disagreements with Idaho state court family law proceedings. Under the long-standing *Younger* abstention doctrine, federal courts must abstain from hearing cases that would interfere with pending state court proceedings that implicate important state interests. *Younger v. Harris*, 401 U.S. 37 (1971); *Potrero Hills Landfill, Inc. v. Cty. of Solano*, 657 F.3d 876, 881 (9th Cir. 2011). Family law issues—

including child custody—are matters of Idaho state law and should be dealt with in that forum. As the Ninth Circuit has noted:

> The strong state interest in domestic relations matters, the superior competence of state courts in settling family disputes because regulation and supervision of domestic relations within their borders is entrusted to the states, and the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state makes federal abstention in these cases appropriate.

*Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983).

Further, even where, as here, a federal question is presented, "federal courts decline to hear disputes which would deeply involve them in domestic matters." *Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986) (citations omitted). *See also Coats v. Woods*, 819 F.2d 236, 237 (9th Cir. 1987) (finding that the case, "while raising constitutional issues, is at its core a child custody dispute. The state courts have already considered the merits of [the] claims. . . . The district court was aptly reluctant to put itself in the position of having to review the state courts' custody decision").

Now, lest Quinn feel that the Court is missing the substance of his Amended Complaint and argue that his claims are not really about the custody issue itself, but *how* Judge Kibodeaux reached her decision—i.e., that she did so in a way that violated his federal rights—the Court notes such would not change the outcome because the *Rooker-Feldman* doctrine would likewise bar any type of "appellate suit" in federal court.

A federal district court has no jurisdiction "over challenges to state-court decisions, in particular cases arising out of judicial proceedings, even if those challenges allege that the state court's action was unconstitutional." *District of Columbia Court of Appeals v.*

*Feldman*, 460 U.S. 462, 486 (1983). This rule of law is known as the *"Rooker–Feldman* doctrine."

As the United Supreme Court has explained:

In *Rooker v. Fidelity Trust Co.*, the parties defeated in state court turned to a Federal District Court for relief. Alleging that the adverse state-court judgment was rendered in contravention of the Constitution, they asked the federal court to declare it null and void. This Court noted preliminarily that the state court had acted within its jurisdiction. If the state-court decision was wrong, the Court explained that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding. Federal district courts, the *Rooker* Court recognized, lacked the requisite appellate authority, for their jurisdiction was strictly original.

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (cleaned up).

In short, the *Rooker–Feldman* doctrine "bars federal courts from exercising subject-matter jurisdiction over a proceeding in which a party losing in state court seeks what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Doe v. Mann,* 415 F.3d 1038, 1041 (9th Cir. 2005) (cleaned up).

In this case, regardless of whether the Court views Quinn's claims as directly challenging the issue of custody, how Judge Kibodeaux reached her custody decision, or how those decisions affected Quinn, the outcome is the same: the Court lacks jurisdiction. Under the *Younger* abstention doctrine and the *Rooker-Feldman* doctrine, the Court finds it does not have jurisdiction to adjudicate Quinn's claims. Idaho state court is the proper place for Quinn to litigate (or continuing litigating) his grievances.

## IV. CONCLUSION

Quinn has failed to remedy the Court's concerns regarding immunity and jurisdiction. Any disagreements with Judge Kibodeaux's legal conclusions cannot be adjudicated in this forum. The proper forum for Quinn's concerns is state court. He can appeal or take any action he deems proper there, but he cannot file a separate federal lawsuit under these circumstances. Accordingly, Quinn's case must be dismissed.

## V. ORDER

1.    Quinn's Amended Complaint is DISMISSED WITH PREJUDICE and this case is CLOSED.

2.    Quinn's Motion for Expedited Review (Dkt. 19) is GRANTED insofar as the Court has now reviewed his filings.

DATED: November 13, 2020

David C. Nye
Chief U.S. District Court Judge